

# NUMBER 13-20-00129-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

CHRISTOPHER JOSEPH DOWNUM,                                    Appellant,

v.

THE STATE OF TEXAS,                                    Appellee.

## On appeal from the 36th District Court
## of Aransas County, Texas.

## MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Silva**
**Memorandum Opinion by Justice Silva**

Appellant Christopher Joseph Downum appeals his conviction of possession of less than one gram of a controlled substance from penalty group 1, a state jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(6), 481.115(a), (b). By a single issue, Downum asserts the trial court erred when it denied his motion to suppress methamphetamine found during a search. We affirm.

## I.    BACKGROUND

Prior to trial, Downum filed a motion to suppress the evidence recovered during a search of his cigarette pack. The trial court held a pretrial hearing on Downum's motion to suppress, during which Aransas County Sheriff's Office (ASCO) Deputy Matthew Murphey testified. On April 1, 2018, Murphey observed Downum seated next to a roadway at approximately one o'clock in the morning while on patrol. Murphey testified that Downum was approximately one foot off the roadway where there is no sidewalk. Downum had a wagon next to him with a few items in it, as well as a dog. Murphey stated that the area Downum was found in was "a high crime area" which sparked his suspicion. Although Murphey did not turn on the overhead lights to his patrol vehicle, he did stop his vehicle and fix his spotlight on Downum "just to see what was going on." After initiating a conversation with Downum, Murphey observed that "[Downum] was moving a lot. His mouth was moving a lot. His speech was very fast."

Murphey noted that while they were talking, Downum was holding a pack of cigarettes in his hand, and Murphey "asked him pretty much to search the pack of cigarettes." Murphey said that it was "mainly a safety issue" because, based on his experience, razorblades are commonly found in cigarette packs. According to Murphey, Downum gave Murphey permission to open the cigarette pack and search. Upon opening the pack, Murphey discovered what he believed to be a small bag containing methamphetamine and placed Downum under arrest for possession of a controlled substance. Murphey denied patting Downum down for weapons prior to his arrest.

Downum offered an alternative description of the encounter. Downum testified that

2

he had just finished helping a friend and stopped on the way home when Murphey pulled up and told Downum that "[he] received an anonymous call that [Downum] was sitting there tweaking." According to Downum, "[he] was nowhere near the road" but about "six or eight" feet away from it, using an app on his phone. Downum testified that Murphey patted him down for weapons and emptied his pocket, which only had two phones in it. Downum says the two "talked back and forth for a few minutes" when "[Downum] reached down and grabbed [his] cigarettes to get one and light it[,] at which time [Murphey] took the pack from [Downum] and . . . removed something from them." Downum stated he did not give Murphey permission to search the cigarette pack and that during the encounter, "[Murphey] [made] it clear that [he] was detained," and he did not feel he could leave.

A call log of the event admitted into evidence did not show ASCO received a call with a report, anonymous or otherwise, of a person sitting near the roadway.

The trial court denied Downum's motion to suppress but did not provide any reasoning on the record nor findings of facts and conclusions of law.

Following a trial, a jury ultimately found Downum guilty of possession of a controlled substance, and he was sentenced by the court to one year confinement in the State Jail Division of the Texas Department of Criminal Justice with credit for 380 days served and a $1,000 fine. This appeal followed.

## II.    STANDARD OF REVIEW

The standard for reviewing a trial court's ruling on a motion to suppress is a bifurcated standard of review: "giving 'almost total deference to a trial court's determination of historical facts' and reviewing de novo the court's application of the law

3

of search and seizure." *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000) (quoting *Guzman v. State*, 955 S.W.2d 85, 88–89 (Tex. Crim. App. 1997)). When the trial court does not make explicit findings of historical facts, we review the evidence in a light most favorable to the trial court's ruling. *Id.* at 327–28. "In other words, we will assume that the trial court made implicit findings of fact supported in the record that buttress its conclusion." *Id.* at 328.

"In a motion to suppress hearing, the trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony." *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). "Accordingly, the judge may believe or disbelieve all or any part of a witness's testimony, even if that testimony is not controverted." *Id.*

### III. APPLICABLE LAW

The Fourth Amendment protects individuals against unreasonable searches and seizures. U.S. CONST. amend. IV; *Wiede v. State*, 214 S.W.3d 17, 24 (Tex. Crim. App. 2007). However, a consensual encounter between law enforcement and an individual does not implicate the Fourth Amendment, "[s]o long as a reasonable person would feel free 'to disregard the police and go about his business . . . .'" *Florida v. Bostick*, 501 U.S. 429, 434 (1991) (quoting *California v. Hodari D.*, 499 U.S. 621, 628 (1991)); *State v. Woodard*, 341 S.W.3d 404, 411 (Tex. Crim. App. 2011). An investigative detention, on the other hand, implicates the Fourth Amendment and must be supported by reasonable suspicion of criminal activity. *Terry v. Ohio*, 392 U.S. 1, 30–31 (1968); *Wade v. State*, 422 S.W.3d 661, 667 (Tex. Crim. App. 2013). There is no bright-line rule to determine when

4

a consensual encounter may morph into an investigative detention. *Wade*, 422 S.W.3d at 667. We "must take into account the totality of the circumstances of the interaction to decide whether a reasonable person would have felt free to ignore the police officer's request or terminate the consensual encounter." *Id.* Whether a consensual encounter has evolved into a detention is a legal issue that is reviewed de novo. *Id.* at 668.

Generally, a search without a warrant is considered per se unreasonable. *Wiede*, 214 S.W.3d at 24. However, a search is reasonable if proper consent is given. *Meekins v. State*, 340 S.W.3d 454, 458 (Tex. Crim. App. 2011). A person's consent to search may be communicated in a variety of ways, including verbally. *Id.* "But the Fourth and Fourteenth Amendments require that a consent not be coerced, by explicit or implicit means, by implied threat or covert force." *Id.* at 458–59 (quoting *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973)). "The voluntariness of a person's consent is also a question of fact that is determined by analyzing all of the circumstances of a particular situation.[1]" *Id.* at 459. "Because issues of consent are necessarily fact intensive, a trial court's finding of voluntariness must be accepted on appeal unless it is clearly erroneous." *Id.* at 460. "When there are no written findings explaining the factual basis for the trial judge's decision, we imply findings of fact that support his ruling so long as the evidence supports those implied findings." *Id.* The "State must prove the voluntariness of a consent to search by clear and convincing evidence." *State v. Ibarra*, 953 S.W.2d 242, 245 (Tex.

---

[1] Courts employ a factor-based analysis to determine voluntariness. *Meekins v. State*, 340 S.W.3d 454, 460 (Tex. Crim. App. 2011). The non-exhaustive factors include "physical mistreatment, use of violence, threats, threats of violence, promises or inducements, deception or trickery, and the physical and mental condition and capacity of the defendant within the totality of the circumstances." *Id.* at 460 n.26 (quoting *United States v. Pena*, 143 F.3d 1363, 1367 (10th Cir. 1998)). "An officer's request for consent to search does not taint an otherwise consensual encounter as long as the police do not convey a message that compliance with their request is required." *Id.*

Crim. App. 1997).

### IV. DISCUSSION

By his sole issue, Downum argues the search of his cigarette pack was the result of an investigative detention under *Terry*, and thus, it is subject to Fourth Amendment protections. *See Terry*, 392 U.S. at 19–20. By extension, Downum argues that the search of his cigarette pack was unreasonable because it was beyond the scope of what is permissible during an investigative detention. *See Id.* We disagree.

### A. Consensual Encounter v. Investigative Detention

In support of his assertion, Downum points to portions of both his own testimony as well as Murphey's testimony. Downum testified that Murphey patted him down for weapons and that Murphey made it clear Downum was not permitted to leave; while Murphey testified that Downum was found in a "high crime area" and noticed Downum exhibited rapid speech and frequent movement, which may be indicators of stimulant usage, such as methamphetamine. However, Downum does not address Murphey's testimony which contradicts his own. Specifically, Murphey testified that he did not pat Downum down, and apart from asking to search the cigarette pack, Murphey did not engage in any other search of Downum's property prior to his arrest.

Viewed in a light most favorable to the trial court's ruling, the historical facts support a conclusion that the interaction was a consensual encounter. *See Carmouche*, 10 S.W.3d at 327–28 ("[W]e will assume that the trial court made implicit findings of fact supported in the record that buttress its conclusion."); *Bostick*, 501 U.S. at 434 (providing that an encounter is consensual, and thus does not implicate the Fourth Amendment, if a

6

reasonable person would feel free "to disregard the police and go about his business"). Because the trial court is the sole trier of fact during a suppression hearing, the trial court was free to disregard Downum's testimony and believe Murphey's. *See Ross*, 32 S.W.3d at 855. Specifically, the trial court could have believed that Murphey did not activate the overhead lights on his vehicle, did not pat Downum down for weapons, was not investigating an anonymous call, and did not indicate to Downum that Downum was not free to leave. Further, there was no evidence that Murphey exhibited any authority or physical force that would indicate Downum was not free to leave. *See Wade*, 422 S.W.3d at 668. Murphey's request to search Downum's cigarette pack did not turn an otherwise consensual encounter into an investigative detention. *See Meekins*, 340 S.W.3d at 460. Accordingly, these particular facts show that the consensual encounter had not evolved into an investigative detention. *Id.*

## B.    The Search

Downum asserts that Murphey's search of his cigarette pack was an unreasonable extension of a *Terry* frisk. *See Terry*, 392 U.S. at 19–20. However, having determined that the encounter was consensual rather than an investigative detention, *Terry* does not apply. *See Bostick*, 501 U.S. at 434; *Woodard*, 341 S.W.3d at 411. Viewing the evidence in a light most favorable to the trial court's ruling, we conclude the trial court could have found that Downum gave Murphey permission to search his cigarette pack. *See Carmouche*, 10 S.W.3d at 327–28. No facts in the record tend to indicate that Downum's permission was involuntary. *See Pena*, 143 F.3d at 1367; *Meekins*, 340 S.W.3d at 460 n.26. We conclude Murphey's search of Downum's cigarette pack was reasonable. *See*

7

*Meekins*, 340 S.W.3d at 458. Downum's sole issue is overruled.

## V.    CONCLUSION

We affirm the trial court's judgment.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
22nd day of April, 2021.